UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES FOR THE USE AND BENEFIT OF DWG & ASSOCIATES, INC. AND DWG & ASSOCIATES, INC., IN ITS OWN CAPACITY**<br><br>*Plaintiffs*<br><br>v.<br><br>**DV & ASSOCIATES, LLC OF PENNSYLVANIA, FEDERAL INSURANCE COMPANY, AND DII, LLC**<br><br>*Defendants* | CIVIL ACTION<br>NO. _____<br><br><br><br><br>JUDGE _____<br><br>MAG. _____ |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes the United States of America for the use and benefit of DWG & Associates, Inc. ("DWG"), and DWG in its own capacity, and for their complaint, aver as follows:

**PARTIES**

1.

DWG is a Utah corporation with its principal place of business in Colorado.

2.

Made defendants herein are:

A. DV & Associates, LLC of Pennsylvania ("DVA"), a Pennsylvania limited liability company with its principal place of business in Pennsylvania;

B. Federal Insurance Company ("Federal"), an insurer domiciled in Indiana and licensed and registered by the Louisiana Department of Insurance to issue lines of insurance, including surety bonds, in the State of Louisiana; and

C. dii, LLC ("dii"), a Louisiana limited liability company with its principal place of business in Louisiana.

**JURISDICTION AND VENUE**

3.

This Court has subject matter jurisdiction pursuant to 40 U.S.C. § 3133(b) (the "Miller Act"). Subject matter jurisdiction is also proper in this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1332 because it is a dispute between citizens of different states in which the matter in controversy exceeds $75,000.

4.

The construction project made the basis of this action is located in Orleans Parish, Louisiana, and a substantial part of the events or omissions giving rise to DWG's claims occurred in this district. Therefore, venue is proper in this Court. 40 U.S.C. § 3133(b)(3); 280 U.S.C. § 1391(b).

## BACKGROUND

5.

On September 14, 2009, the Contracting Division of the United States Army Corps of Engineers ("Corps") issued Solicitation No. OSP-01G-09-S-0002 for certain construction regarding the "HPO-Power Generator for Carrollton Water Plant Power Complex" ("Project").

6.

On November 18, 2009, the Corps awarded a contract to perform the Project work ("Prime Contract") to DVA.  The initial Prime Contract amount was $31,186,659.20.  The Prime Contract amount was subsequently increased to over $52 million.

7.

On December 7, 2009, DVA obtained and Federal issued a Miller Act Bond, identified as Bond No. 8216-84-97 ("Bond"), for the use and benefit of all persons supplying labor, material, and/or equipment in the prosecution of the Prime Contract work.  Federal's Miller Act Bond penal sum increases consistent with the increases in the Prime Contract amount.

8.

DVA subcontracted with dii ("dii Subcontract") to perform certain portions of DVA's Prime Contract work scope.

9.

Through a Subcontract Agreement between dii and DWG ("DWG Subcontract"), effective April 12, 2010, and Purchase Order No. G7035702-0001 ("OSP-01 Purchase Order") from dii to DWG in the amount of $3,686,791, dii subcontracted with DWG to perform portions of dii's scope of work on the Project ("DWG Subcontract Work").  dii and DWG subsequently

mutually agreed to increase the DWG scope of work for OSP-01 and increase the OSP-01 Purchase Order amount to $4,091,429.58.

10.

Effective February 1, 2011, dii significantly increased the scope of the DWG Subcontract Work through Purchase Order No. G7035955-0001 ("OSP-04 Purchase Order"), resulting in an increase of the DWG Subcontract amount by the $12,850,000 price of the OSP-04 Purchase Order. dii and DWG subsequently mutually agreed to increase the DWG scope of work for OSP-04 and increase the price of the OSP-04 Purchase Order to $13,924,825.31, resulting in a revised DWG Subcontract amount of $18,016,254.89.

11.

As the Project proceeded, dii unilaterally adjusted the scope of DWG's Subcontract Work ("Extra Work"), which DWG performed at dii's direction.

12.

Due to delays, disruptions, and interferences caused by dii and/or others for whom DWG is not responsible, DWG suffered delay-related damages and costs ("Delay Costs") on the Project.

13.

Notwithstanding the Extra Work and delays, disruptions, and interferences by dii and/or others for whom DWG is not responsible, DWG properly performed DWG's Subcontract Work and the Extra Work.

14.

DWG's Extra Work and Delay Cost damages total $4,798,924.34.

15.

DWG has received from its subcontractor, Masonry Solutions International, Inc. ("MSI"), a claim in the principal amount of $1,683,666 for extra work, delays, disruptions, and interferences allegedly attributable to dii and/or others for whom DWG is not responsible ("MSI Claim").

16.

To date, DWG has been paid the principal amount of $11,587.666.38 for its Project work. The last payment made to DWG was in January 2013 for work performed by DWG in September 2012.  DWG last performed work on the Project on or about August 29, 2014.

17.

During the performance of its Project work, DWG provided notice to the Corps that, while the Corps had paid DVA significant amounts for DWG's work both before and after the last payment to DWG in January 2013, DVA had improperly withheld payment owed to DWG.

18.

After an investigation, the Corps agreed with DWG and further determined that, at the same time that DVA was withholding payment from its subcontractors, DVA was improperly certifying its requests for progress payment pursuant to 48 C.F.R. § 52.232-5.  Particularly DVA was certifying to the Corps that DVA was not including in its progress payment requests to the Corps amounts that DVA had withheld or intended to withhold from its subcontractors. Moreover, the Corps determined that DVA had "not complied with the progress payments to the subcontractor in compliance with Chapter 39 of Title 31, United States Code (Prompt Payment Act)."  A copy of the Corps' May 6, 2014, letter stating its findings is attached as Exhibit "A".

19.

Following the Corps' determination, DWG demanded payment from Federal of the improperly withheld amounts owed to DWG. *See* Exhibit "B". Federal improperly refused payment.

20.

The Corps also ordered DVA to discontinue withholding payment from, and to make timely payment to, its subcontractors and suppliers. *See* Exhibit "A".

21.

Rather than complying with the Prompt Payment Act, DVA simply stopped invoicing the Corps for DWG's completed work.

22.

Upon receipt of notice that DVA was not invoicing the Corps for DWG's completed Project work, DWG, through the undersigned counsel, issued a November 4, 2014, demand to dii that dii and DVA invoice the Corps for completed DWG Subcontract Work. A copy of the undersigned counsel's November 4, 2014, letter is attached as Exhibit "C". No further payment applications for DWG properly completed work have been submitted by DVA, and, despite requests to Federal to intervene, Federal has refused.

23.

On November 10, 2014, DWG provided its Miller Act Notice and demand for payment to DVA and Federal. (On March 5, 2015, DWG revised its Miller Act Notice amount.) Copies of DWG's November 10, 2014, Miller Act Notice and its March 5, 2015, revision are attached *in globo* as Exhibit "D". More than 90 days and less than a year have elapsed since DWG last

furnished the labor, material, equipment, and services for which DWG's Miller Act claim is made.

### DWG'S MILLER ACT CLAIM

24.

Federal and DVA are obligated, pursuant to the Bond and the Miller Act, specifically 40 U.S.C. § 3133, to pay DWG for the labor, material, equipment, and services DWG furnished and for which dii has failed to make payment.

25.

The amounts for which DWG seeks payment from Federal and DVA under the Miller Act Bond relate to labor, material, equipment, and services provided by DWG in prosecution of the DWG Subcontract Work on the Project.

26.

Federal and DVA have not satisfied their obligations under the Bond and Miller Act to pay DWG for the labor, material, equipment, and services that DWG furnished.

27.

Federal and DVA are liable to DWG under the Miller Act and under the Bond for all unpaid amounts related to DWG's provision of labor, material, equipment, and services in prosecution of its work under the DWG Subcontract:

| | |
|---|---:|
| Executed Subcontract Value | $18,016,254.89 |
| Extra Work and Delay Costs | +$4,798,924.34 |
| **Total Subcontract, Extra Work, and Delay Costs** | **$22,815,179.23** |
| Less Amount Paid to DWG to Date | -$11,587,666.38 |
| **TOTAL DUE DWG** | **$11,227,512.85** |

28.

To the extent MSI demonstrates entitlement, Federal and DVA are also liable to DWG for the $1,683,666 MSI Claim.

## DWG'S BREACH OF CONTRACT CLAIM AGAINST DII

29.

DWG properly and timely provided all labor, material, equipment, and services required by the DWG Subcontract. DWG also performed Extra Work outside the scope of the DWG Subcontract and incurred Delay Costs.

30.

dii has failed to fully and timely compensate DWG for all labor, material, equipment, and services that DWG provided to dii, including the DWG Subcontract Work, Extra Work, and Delay Costs.

31.

dii's failure to compensate DWG fully for DWG's Subcontract Work, Extra Work, and Delay Costs constitutes breaches of the DWG Subcontract, the OSP-01 Purchase Order, and the OSP-04 Purchase Order.

32.

As a direct and proximate result of dii's contractual breaches, DWG has suffered damages. DWG is entitled recover from dii all damages suffered by DWG as a result of dii's contractual breaches:

| | |
|---|---:|
| Executed Subcontract Value | $18,016,254.89 |
| Extra Work and Delay Costs | +$4,798,924.34 |
| **Total Subcontract, Extra Work, and Delay Costs** | **$22,815,179.23** |
| Less Amount Paid to DWG to Date | -$11,587,666.38 |
| **TOTAL DUE DWG** | **$11,227,512.85** |

33.

To the extent MSI demonstrates entitlement, dii is also liable to DWG for the $1,683,666 MSI Claim.

## DWG'S PROMPT PAYMENT CLAIM AGAINST DII

34.

Upon information and belief, dii has received payment from DVA for labor, material, equipment, and services that DWG provided to dii, which payments have not been made to DWG.

35.

To the extent that dii has received payment from DVA for labor, material, equipment, and services that DWG provided to dii, but failed to make prompt payment to DWG without reasonable cause, dii is liable to DWG for penalties of 15% of the unpaid amount and attorneys' fees pursuant to La. R.S. 9:2784.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, the United States of America for the use of DWG & Associates, Inc., and DWG & Associates, Inc., in its own capacity, pray that, after due proceedings are had, judgment be rendered in their favor and against DV & Associates, LLC of Pennsylvania, Federal Insurance Company, and dii, LLC for the principal amount of $12,911,178.85, plus interest,

costs, and attorneys' fees; against dii, LLC for prompt payment penalties; and for all other general or equitable relief that the Court deems appropriate.

Respectfully submitted,

**BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.**

By: */s/ Mark W. Frilot*
Danny G. Shaw. T.A. (#11977)
Mark W. Frilot (#27470)
3 Sanctuary Boulevard, Suite 201
Mandeville, Louisiana  70471
Telephone:  (985) 819-8400
Facsimile:   (985) 819-8484
E-mail:  dshaw@bakerdonelson.com
E-mail:  mfrilot@bakerdonelson.com

**COUNSEL FOR DWG & ASSOCIATES, INC.**